**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50076 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00569-MMM |
| v. | |
| JOSE ROBERTO HERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jose Roberto Hernandez appeals from the district court's judgment and

challenges the 120-month sentence and 5-year term of supervised release imposed

following his guilty-plea conviction for conspiracy to distribute cocaine and

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. We

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez contends that the district court procedurally erred by comparing him to a codefendant who, unlike Hernandez, was subject to a statutory mandatory minimum sentence, and by relying on unsupported facts in conducting that comparison. The district court properly considered the sentence imposed on Hernandez's codefendant, taking into account the sentence the codefendant would have received in the absence of the mandatory minimum. *See* 18 U.S.C. § 3553(a)(6). Moreover, in light of the undisputed facts contained in the presentence report, the district court's findings regarding Hernandez's role in the drug conspiracy were not clearly erroneous. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) (court may rely on undisputed facts in presentence report at sentencing).

Hernandez also contends that the district court erred by failing to explain its imposition of a five-year term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered the 18 U.S.C. § 3553(a) sentencing factors when selecting the sentence, and the court's reasons for imposing the supervised release term are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**